**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| YERVIN RIGOBERTO CASTRO,<br>Petitioner,<br>v.<br>ACTING FIELD OFFICE DIRECTOR, et al.,<br>Respondents. | Civil Action No. 26-11759 (BRM)<br><br>**MEMORANDUM AND ORDER** |

Before the Court is Petitioner Yervin Rigoberto Castro's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his continued detention. (ECF No. 1.) Respondents filed a response. (ECF No. 5.) Petitioner did not reply.

Petitioner, a citizen of Honduras, entered the United States unlawfully around October 19, 2016. (ECF No. 1 at 3.) Petitioner was placed in immigration proceedings and released on his own recognizance. (*Id.* at 5.) On September 1, 2026, Petitioner was arrested for assault. (ECF No. 5 at 1.) Immigration and Customs Enforcement ("ICE") officials subsequently detained Petitioner. (ECF No. 1 at 5-6.)

On September 11, 2026, Petitioner filed the instant Petition arguing that his unlawfully detained under 8 U.S.C. § 1225(b). (*See generally* ECF No. 1) Respondents filed an expedited answer submitting that Petitioner has been detained since his arrest pursuant to 8 U.S.C. § 1226(a). (ECF No. 5 at 1.) Respondents do not indicate whether Petitioner has requested a bond hearing. (*Id.*)

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

In his Petition, Petitioner argues that he is unlawfully detained under 8 U.S.C. § 1225(b). (*See generally* ECF No. 1.) Respondents replied that Petitioner is detained under 8 U.S.C. § 1226(a). (ECF No. 5.)

Under 8 U.S.C. § 1226(a), the Government is authorized to detain, conditionally parole, or release an alien subject to removal proceedings prior to the issuance of a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 288-89 (2018); see also *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026) ("Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)."); *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)). "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress . . . ." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). As such, where the Government chooses to detain an alien, the alien may request a bond hearing before an

immigration judge, and to appeal any adverse decision as to his bond request to the Board of Immigration Appeals. *See, e.g., Borbot*, 906 F.3d at 278-79; *see also* 8 C.F.R. § 1236.1(d)(1) (alien detained under § 1226(a) "may, at any time before [a removal order] becomes final" request a bond hearing before an immigration judge). At a bond hearing under the statute, the alien bears the burden of proving that he is neither a danger to the community nor a flight risk. *Id.* at 279.

The parties have not updated the Court whether Petition has requested a bond hearing. As it appears that Petitioner has not had bond hearing, Petitioner has failed to exhaust his administrative remedies. *See Saravia v. Green*, No. 17-34559, 2017 WL 651335, at * 3 (D.N.J. Dec. 15, 2017) (citing *Nepomuceno v. Holder*, No. 11-6825, 2012 WL 715266, at *2 (D.N.J. Mar. 5, 2012) ("Although 28 U.S.C. § 2241 contains no exhaustion requirement, '[o]rdinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.'") (citing *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998)). Therefore, to the extent Petitioner argues that his rights are being violated by his detention under 8 U.S.C. § 1226(a), Petitioner has not exhausted his administrative remedies.

However, even if the bond hearing has taken place, an appeal from the determination made by an IJ may then be taken to the Board of Immigration Appeals. 8 C.F.R. § 1003.19(f). Immigration regulations also allow for a noncitizen to request a bond redetermination if their circumstances have changed materially since their prior bond determination. 8 C.F.R. § 1003.19(e). Accordingly, Petitioner has failed to exhaust his administrative remedies. *See Saravia v. Green*, No. 17-34559, 2017 WL 651335, at * 3 (D.N.J. Dec. 15, 2017) (citing *Nepomuceno v. Holder*, No. 11-6825, 2012 WL 715266, at *2 (D.N.J. Mar. 5, 2012) ("Although 28 U.S.C. § 2241 contains no exhaustion requirement, '[o]rdinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28

U.S.C. § 2241.'") (citing *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998)). Therefore, to the extent Petitioner argues that his rights are being violated by his detention based on his detention under 8 U.S.C. § 1226(a), Petitioner has not exhausted his administrative remedies.

It would not be futile to require exhaustion. "Courts in the Third Circuit have excused exhaustion in cases in which the United States argues 8 U.S.C. § 1225(b)(2) is the relevant detention statute because the immigration courts would be required to dismiss bond hearings for noncitizens detained pursuant to § 1225(b) pursuant to the Board of Immigration Appeal's decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)." *Duque v. Soto*, No. 26-cv-2638, 2026 WL 904231, at *2 (D.N.J. Apr. 2, 2026). But that is not the case here. Failure to exhaust will not be excused when it is a choice. *See Hayes v. Ortiz*, No. 20-cv-5268, 2020 WL 3425291, at *5 (D.N.J. June 23, 2020) ("By choosing to skip the administrative process, Petitioner has delayed any relief that was available to him.").

Because Petitioner has not exhausted his administrative remedies, his request for release in the instant Petition is unexhausted and must be dismissed as such. *Duvall v. Elwood*, 336 F.3d 228, 233 (3d Cir. 2003)) (noting that detainee's failure to exhaust administrative remedies was "fatal to the District Court's jurisdiction over her habeas petition").

Accordingly, and for good cause appearing,

**IT IS** on this 29th day of September 2026,

**ORDERED** that the Petition (ECF No. 1) is **DENIED without prejudice**; and it is further

**ORDERED** the Clerk of Court shall serve a copy of this Memorandum and Order upon the parties electronically and **CLOSE** the case.

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**